**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY P. SULASKI,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:06-2482 |
| v. | : | (RAMBO, D.J.) |
| | | (MANNION, M.J.) |
| **CAMERON LINDSAY, Warden,** | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

Before the court is the pro se relator's petition for writ of habeas corpus, which was filed on December 29, 2006. (Doc. No. 1.) The relator brings his petition under 28 U.S.C. § 2241. He argues that his transfer on August 3, 2006, from the FCI Oxford, Wisconsin, to the USP Canaan, Waymart, Pennsylvania, violated his due process rights under the Fifth Amendment to the U.S. Constitution because he was eligible under the Bureau of Prisons' Program Statement 5100.07, "Security Designation and Custody Classification Manual" (issued Sept. 3, 1999) to be incarcerated in a low-security facility.[1] The court has preliminarily considered the petition pursuant to 28 U.S.C. § 2243, which provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

(Emphasis added.) Bearing in mind that a pro se litigant's pleading is held to

---

[1] PS 5100.07 was rescinded on September 12, 2006, by the issuance of PS 5100.08, "Inmate Security Designation and Custody Classification."

a less stringent standard than a pleading drafted by an attorney, see Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), the court nonetheless recommends that the petition be dismissed sua sponte because of the relator's failure to state a cognizable habeas claim. See 28 U.S.C. § 2243; Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a petition summarily when 'it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court' . . . .") (quoting Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

A district court is authorized to grant a writ of habeas corpus to a prisoner "in custody under or by the color of the authority of the United States."  28 U.S.C. § 2241©)(1) (2006).  A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner sentenced under state law challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973).  Furthermore, "'[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence'" under the U.S. Constitution or laws. Id. § 2241©)(3); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). "Execution of the sentence" refers to the "manner" of imprisonment, including

2

the place of the prisoner's confinement. Id. at 242-44 (citing Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). However, notwithstanding a prisoner's right to petition for habeas corpus on the basis of the manner of his imprisonment, he may not challenge his placement in any particular prison because a prisoner generally has no statutorily or constitutionally created liberty interest in where he is incarcerated.[2] See Rivera v. Federal Bureau of Prisons, 197 Fed.Appx. 169, 170 (3d Cir. 2006) (not precedential); Banks v. Green, Nos. 07-CV-0021, 0022, 2007 WL 464713, slip op. at *1 (M.D.Pa. Feb 13, 2007) (same); Cardenas v. Wigen, 921 F.Supp. 286, 291-92 (E.D. Pa. 1996) (same).

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the relator's petition for writ of habeas corpus be **DISMISSED**.

S/ Malachy E. Mannion
**MALACHY E. MANNION**
United States Magistrate Judge

Date: March 5, 2007
O:\shared\REPORTS\2006 Reports\06-2482.01.wpd

---

[2] In Woodall, as in the cases cited in that case, the Third Circuit held that a challenge to the Bureau of Prisons' regulations concerning placement in a community corrections center ("CCC") was properly brought under 28 U.S.C. § 2241. In reaching this conclusion, the Court of Appeals specifically recognized that "[c]arrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution" and "CCCs thus satisfy different goals from other types of confinement." 432 F.3d at 243-44. Thus, the holding in Woodall is inapplicable to the instant case, which does not concern the special type of confinement represented by a CCC, but rather traditional confinement in a correctional institution or penitentiary.