IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY P. SULASKI,** : | **CIVIL NO. 1:CV-06-2482** |
| Petitioner : | |
| : | **(Judge Rambo)** |
| v. : | **(Magistrate Judge Mannion)** |
| : | |
| **CAMERON LINDSAY, Warden,** : | |
| Respondent : | |

## MEMORANDUM AND ORDER

      Before the court is a March 5, 2007 report and recommendation filed by the magistrate judge to whom this matter was referred in which he recommends that Petitioner's request for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed. Petitioner has filed objections to the report and recommendation and the matter is ripe for disposition.

      Petitioner seeks to be transferred from a high-security prison to a medium-security facility. Petitioner claims he was eligible to be incarcerated in a medium-security facility pursuant to the Bureau of Prisons' Program Statement 5100.07. As the magistrate judge points out, that Program Statement was rescinded on September 12, 2006 by the issuance of Program Statement 5100.08. Petitioner points out that his alleged "illegal" transfer took place on August 3, 2006 and, therefore, he was transferred under Program Statement 5100.07.

      The magistrate judge also recommended dismissal of the petition on the basis that an inmate "may not challenge his placement in any particular prison

because a prisoner generally has no statutorily or constitutionally created liberty interest in where he is incarcerated." (Report and Recommendation at p. 3.) Petitioner counters by claiming that an agency like the Bureau of Prisons is bound to follow its own policies. (Objections to Report and Recommendation at p. 4.) *Anderson v. Smith*, 697 F.2d 239, 240 (8th Cir. 1983).

This court has determined that the action is properly filed under 28 U.S.C. § 2241. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). ("Section 2241 is the only statute that confers habeas jurisdiction to hear a petition of a federal prisoner who is challenging not the validity but the execution of his sentence.") A prisoner, however, must exhaust his administrative remedies within the Bureau of Prisons before filing a § 2241 petition in federal court. *Moscato v. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In his brief in support of his petition, Petitioner acknowledges that he has not exhausted his administrative remedies. (Br. in Supp. at p. 7.) In *Roy v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002), the court held that the failure to exhaust is an affirmative defense to be pleaded by the defendant. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Both of these cases, however, addressed 42 U.S.C. § 1997e(a) which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . ." The instant action is not brought pursuant to § 1983.

In *Roy v. Kertes*, *supra*, the court discussed the cases of *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000) and *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000). In both of those cases, the plaintiffs admitted their failure to exhaust and the district courts dismissed those suits *sua sponte*. The *Roy* court indicated that "[b]oth dismissals fall within a district court's inherent power to dismiss *sua sponte* a

complaint which facially violates a bar to suit." *Roy v. Kertes*, 285 F.3d at 293 n.5. Since the instant action is not a civil rights action and, therefore, 42 U.S.C. § 1997e(a) does not apply, and since Plaintiff has admitted he has not exhausted administrative remedies, this case will be dismissed.

**IT IS THEREFORE ORDERED THAT**:

1) The court rejects the report of Magistrate Judge Mannion.

2) The court adopts the recommendation of Magistrate Judge Mannion that this case be dismissed for the reasons set forth in this memorandum and order.

3) The captioned case is dismissed and the clerk of court shall close the file.

4) This court declines to issue a certificate of appealability.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated:  March 29, 2007.